Filed 4/21/15  P. v. Land CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077476 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03906) |
| v. | |
| DENNIS DAVID LAND, SR., | |
| Defendant and Appellant. | |

In 1985, defendant Dennis David Land, Sr., pled guilty to sodomy with a person under the age of 14 and 10 years younger than him (Pen. Code,[1] § 286, subd. (c)) and oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)) and was placed on formal probation for eight years.  Defendant filed a petition for a certificate of rehabilitation and pardon (§ 4852.01) in June 2014.  The petition contained no documents

---

[1]     Undesignated statutory references are to the Penal Code.

1

or specific factual allegations regarding defendant's conduct since his conviction or regarding his character. It did contain a photocopy of *People v. Tirey* (2014) 225 Cal.App.4th 1150, review granted August 20, 2014, S219050, which held that persons convicted of violating section 288, subdivision (a), were not statutorily barred from receiving such a certificate.

At the hearing on the petition, the trial court noted that review was granted on *Tirey* and there were no factual allegations that would support granting the petition. Defense counsel suggested the defense may wait to see what the Supreme Court did in *Tirey* and then submit another petition for a certificate of rehabilitation and pardon. The trial court denied the petition, finding defendant's convictions rendered him statutorily excluded from filing a petition of rehabilitation and pardon, and in addition, defendant failed to present any facts justifying a grant had he been eligible.

DISCUSSION

Defendant appeals from the trial court's denial of his petition, contending it was an abuse of discretion. His contention is frivolous.

Section 4852.01 states in pertinent part: "(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release, and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter. . . . [¶] . . . [¶] (d) This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289, or persons in military service."

2

The period of rehabilitation starts "upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole or probation, whichever is sooner." (§ 4852.03, subd. (a).) For crimes not otherwise specified, the defendant must be rehabilitated for seven years before filing the petition. (§ 4852.03, subd. (a)(3).) "Unless and until the period of rehabilitation, as stipulated in this section, has passed, the petitioner shall be ineligible to file his or her petition for a certificate of rehabilitation with the court. Any certificate of rehabilitation that is issued and under which the petitioner has not fulfilled the requirements of this chapter shall be void." (§ 4852.03, subd. (b).) "The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.)

Defendant is statutorily excluded from filing a petition for rehabilitation and pardon because he was convicted of violating section 286, subdivision (c). Defendant's opening brief contains a single section addressing the trial court's decision, labeled "THE SUPERIOR COURT'S DENIAL OF APPELLANT'S CERTIFICATE FOR REHABILITATION UNDER PENAL CODE §4852.01(D) WAS AN ABUSE OF DISCRETION BY THE COURT." Defendant points out that equal protection is guaranteed by the state and federal Constitutions. Defendant also notes that review was granted in *Tirey* with briefing put on hold pending the Supreme Court's decision in *Johnson v. Department of Justice*, S209167. From this, he concludes that the statutory prohibition on filing a petition for rehabilitation and pardon violates his equal protection rights.

Defendant's perfunctory assertions without meaningful analysis and citation to supporting authority forfeit his contention. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Even if he was not precluded from filing a petition for rehabilitation and pardon,

3

defendant's petition would fail on the merits, as he has not presented any evidence that would support granting his petition.**2**

DISPOSITION

The judgment is affirmed.


ROBIE_____, J.


We concur:


RAYE_____, P. J.


BLEASE_____, J.

---

**2** After defendant filed his opening brief, the California Supreme Court decided *Johnson* and held that it did not violate equal protection to distinguish between types of sex offenses when imposing mandatory or discretionary sex offender registration. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 874-875.) In his reply brief, defendant asks us to defer our opinion in his appeal until *Johnson* and *Tirey* are final.)

We decline the offer. Even if the Supreme Court adopts a rule favorable to defendant's equal protection claim in *Tirey*, defendant would not prevail because he has not presented any evidence of his rehabilitation since his conviction.

4